# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LADARIUS BOYCE,

        Plaintiff,

v.                                                                             Case No. 17-C-1801

ZACHARY T. BELL,
DEPUTY MCDONALD,
SONYA M. SAHAGIAN,
PROBATION AGENT OLIVIA, and
JOHN DOES,

        Defendants.

## ORDER

Plaintiff Ladarius Boyce, who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. He filed an amended complaint on December 29, 2017. This case was originally assigned to U.S. Magistrate Judge William Duffin; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly reassigned to the undersigned U.S. District Court judge for screening of the amended complaint.

### Motion to Proceed without Prepayment of the Filing Fee

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On January 5, 2018, Judge Duffin ordered plaintiff to pay an initial partial filing fee of $32.60. He paid that fee on February 23, 2018. The court will grant plaintiff's motions to proceed

without prepayment of the filing fee (ECF Nos. 3, 9). He must pay the remainder of the filing fee over time in the manner explained at the end of this decision.

### SCREENING OF THE COMPLAINT

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ALLEGATIONS IN THE COMPLAINT

Plaintiff explains that, on July 17, 2017, at 1 a.m., he was driving a purple Monte Carlo with four of his children. Plaintiff alleges that defendant Zachary Bell pulled him over. Bell's report states that he observed plaintiff driving 60 m.p.h in a 50 m.p.h zone and that plaintiff's registration lamp (i.e., the light that illuminates the license plate) was out.

After Bell pulled over plaintiff, he learned that plaintiff had neither a license nor insurance papers for the vehicle. Bell allegedly told plaintiff to call someone to come pick him and the children up. Plaintiff states that he called the children's mother, Ms. Ebone. Bell then informed plaintiff that he learned from the dispatcher that plaintiff was on probation; Bell arrested plaintiff and placed him in the back of his squad car. When Ms. Ebone and another person arrived to pick up the children, Bell ran a check on her license plate. He then took all three adults into custody. The following day, plaintiff's probation agent placed a hold on him and he remains in custody to this day.

Plaintiff argues that Bell violated the Fourth Amendment when he stopped him because he cannot prove plaintiff was speeding. He notes that Bell did not issue him a citation for speeding.

## THE COURT'S ANALYSIS

"When a police officer reasonably believes that a driver has committed even a minor traffic offense, probable cause supports the stop." *United States v. Garcia-Garcia,* 633 F.3d 608, 613 (7th Cir. 2011). Plaintiff argues that Bell cannot *prove* that he was speeding; he points to the fact that Bell did not issue plaintiff a citation for speeding. But the fact that the officer did not issue a citation does not mean that the officer did not have probable cause for to believe plaintiff was in fact speeding. Police need not issue a citation for every infraction.

Even if the court were to read plaintiff's allegations as a denial of Bell's statement that plaintiff was speeding, plaintiff ignores that Bell offered another reason for the stop: that plaintiff's registration lamp was not working. Wis. Stat. § 347.13(3) forbids a driver from operating a vehicle on a highway at night without a lamp illuminating the rear registration plate. Plaintiff does not dispute that his registration lamp was out. Given that plaintiff was in violation of a traffic law, Bell had probable cause to stop plaintiff and therefore did not violate the Fourth Amendment.

Although such minor infractions would normally not result in a custodial arrest, plaintiff's allegations are directed at whether there was probable cause for the stop. Of course, once he was stopped, the officer learned that plaintiff was driving without a license and insurance, and that he was on probation. It was at that point that the decision was made to place him in custody, and the fact that plaintiff's agent placed a hold on him the following day suggests that there is more to the story than plaintiff suggests. In any event, the stop was lawful and his claim to the contrary clearly fails.

Plaintiff also fails to state a claim against the remaining defendants. Under § 1983, for a defendant to be liable, he "must be personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations and internal quotations omitted). Plaintiff includes Deputy McDonald, Sonya Sahagian, probation officers, and the dispatcher in the caption of his amended complaint, but he does not explain what they did or did not do to allegedly violate his rights. As such, plaintiff fails to state a claim against them.

**THEREFORE, IT IS ORDERED** that plaintiff's motions for leave to proceed without prepayment of the filing fee (ECF Nos. 3, 9) are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

4

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $317.40 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Signed in Green Bay, Wisconsin, this 14th day of March, 2018.

>s/ William C. Griesbach
>William C. Griesbach, Chief Judge
>United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.